IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANETIRONY CLERVRAIN, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 3:22-CV-813-M-BH |
| | ) | |
| VALERIE VAN VLACK, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the court are the *Complaint for Violation of Civil Rights,* the *Motion for Settlement Agreement(s) Against Secretive Criminals by Inkoking* [sic] *the National Regulatory Treaties Act ("NITRA")*, the *Motion for ["Manifest Injustice Act"] (MIA) or ["Electronic Filling Act"] Opposition(s) by Secure Academic Resources Technology Act ("SARTA")*, and the *Motion for ["Opposition(s)"] or ["Criminal Intent(s)"] and/or ["Malicious"] Against Freedom of Speech(s)* [sic]*, by the ANT(s) Freedom Act ("TAFA")*, received on April 11, 2022 (docs. 2, 4-6.)  Based on the relevant filings and applicable law, the complaint should be **DISMISSED** without prejudice for improper venue, and the motions should be **DENIED**.

**I.     BACKGROUND**

Manetirony Clervrain (Plaintiff), a current resident of Anderson, Indiana, filed a civil rights complaint on behalf of himself and several other individuals under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983; he lists 26 individuals in the case caption but names only 4 bank employees as defendants in the body of the complaint.  (*See* doc. 2 at 1-4.)  He appears to contend that the defendants are involved in an "extensive conspiracy involv[ing] the violationfo [sic] the Banking industry[.]"  (*Id.* at 5.)  In

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

addition to specifically raising claims under *Bivens* and § 1983, he also recites a number of civil statutes, criminal statutes, and purported statutes as bases for his claims. (*See id.* at 5-7, 9-12.)

Plaintiff alleges that "[t]he event occurred after release from Prison, which the activist alleged thatthe [sic] defendants discriminated against him, their failure to ratify the laws is the proximate cause of the injuries infacts [sic] or attempt to closed [sic] his bank account by Chase is presention [sic] for justification without justification, pending to prove with evidence as part fo [sic] the controversies against control theoy [sic] [.]" (*Id*. at 9.) He seeks "immediate reliefs [sic] to be release [sic] certification of trust to the appropriate bank across the country, and that must be granted for hired process within 30 days, as well for his operations of the invention or also know [sic] as Prolifico, Inc or subdivision of Brandako, Inc. (*Id.* at 12.) He also seeks monetary damages, including "$60 billions [sic] for the alleged injuris [sic] in facts, $35 billions [sic] Dollors [sic] for the development of the ['brandako, Inc'], and $100 Millions [sic] dollars against each individuals [sic] involved in the conspiracy." (*Id.*) Finally, he asks for "National reliefs against judicial officials [sic] restrictions, or another $6 billion for exemplary damages or additional liabily [sic] against them for failure to allow ['Non-Attorney Access'] to electronic filling [sic] . . .," and appears to request actions to protect him, other plaintiffs, and their "idealogistic [sic] concern against criminal enterprises[.]" (*Id.*)

## II. VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the § 1983 and *Bivens* claims raised in the complaint. Section 1391(b) provides:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is

subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Here, Plaintiff does not cite any basis for venue in this district.  He does not claim that any of the 26 defendants listed in the case caption or the 4 defendants identified in the complaint resides in the Northern District of Texas, or that any part of the events or omissions that gave rise to his claims occurred here.  Three of the four defendants for whom Plaintiff provided residential information are alleged to reside in New York, New York, which is located within the Southern District of New York; the fourth defendant is alleged to reside in San Francisco, California, which is located within the Northern District of California, San Francisco Division.  (*See* doc. 2 at 2-3); 28 U.S.C. §§ 84(a), 112(b).  There is no indication that venue lies in this district.

Section 1406(a) of Title 28 of the United States Code provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406.  Courts may transfer a case *sua sponte*.  *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).  They have broad discretion in determining the propriety of a transfer.  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, it is not in the interest of justice to transfer this case because it is unclear where any part of the events or omissions giving rise to Plaintiff's claims occurred, and because he does not specify how any of the four defendants named in the body of the complaint are involved in his claims.  In addition, he does not allege that any of them are state or federal actors for purposes of his § 1983 and Bivens claims, and he does not otherwise appear to state a claim upon which relief may be granted.  This case should therefore be dismissed instead of transferred.

### III. RECOMMENDATION

The *Complaint for Violation of Civil Rights,* received on April 11, 2022 (doc. 2), should be **DISMISSED** without prejudice for improper venue.  The *Motion for Settlement Agreement(s) Against Secretive Criminals by Inkoking* [sic] *the National Regulatory Treaties Act ("NITRA")*, and the *Motion for ["Manifest Injustice Act"] (MIA) or ["Electronic Filling Act"] Opposition(s) by Secure Academic Resources Technology Act ("SARTA")*, and the *Motion for ["Opposition(s)"] or ["Criminal Intent(s)"] and/or ["Malicious"] Against Freedom of Speech(s)* [sic]*, by the ANT(s) Freedom Act ("TAFA")*, received on April 11, 2022 (docs. 4-6), should be **DENIED**.

**SIGNED this 13th day of April, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE